IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00826-SKC-NRN

ABASS YAYA BAMBA,

     Plaintiff,

v.

DOMINION FINANCIAL SERVICES, LLC,

     Defendant.

---

## ORDER

---

The Court presumes familiarity with the facts of this case as alleged in the First Amended Complaint (FAC) (Dkt. 6) and incorporates by reference Magistrate Judge N. Reid Neureiter's recitation of the factual and procedural history (Dkt. 208, pp.2-10). In brief, this case arises from a dispute regarding foreclosure proceedings upon real property, which previously belonged to Plaintiff Abass Yaya Bamba ("Property"). Dkt. 208, p.2. In October 2019, Mr. Bamba obtained a construction loan from Defendant Dominion Financial Services, LLC; however, when Plaintiff stopped making loan payments, Defendant sought to foreclose on the Property.

In the FAC, Mr. Bamba asserts claims for "predatory lending practices," "breach of contract and doctrine of contra proferentem," and "usurious practices." *See generally* Dkt. 6. During this case, Plaintiff has filed numerous actions in state and

1

federal court to prevent Defendant from foreclosing on his home, including seeking temporary restraining orders, filing two bankruptcy actions, and filing quiet title actions. Dkt. 208, pp.2-3. This case was administratively closed pending the outcome of the first bankruptcy case. Dkts. 89, 90.

At the conclusion of the first bankruptcy proceeding before Bankruptcy Judge Michael E. Romero—which included a full evidentiary hearing, a 17-page single-spaced order confirming Dominion's interest in the Property, an appeal to the district court, multiple motions to reconsider, and ultimately dismissal for unreasonable delay[1]—Dominion filed a renewed Motion to Dismiss this case. Dkt. 150. In addition to opposing dismissal, Plaintiff filed a Renewed Motion for Declaratory Judgment Voiding November 20, 2025 Foreclosure Sale and Confirmation Deed (Dkt. 158), and a Motion for Leave to File a Second Amended Complaint (Dkt. 199). According to Plaintiff, the dismissal of the bankruptcy proceedings returned an unencumbered interest in the Property to him. *See* Dkts. 158, 199. In addition, he contends the foreclosure sale of the Property is void because, following the dismissal of the first bankruptcy case, Dominion should have started the foreclosure proceedings over and did not. *Id.*

The Court referred these matters to Judge Neureiter. Dkts. 152, 159, 200. On June 30, 2026, Judge Neureiter issued his Report and Recommendation that

---

[1] Judge Romero dismissed the bankruptcy action on October 31, 2025, based on a finding of bad faith on Plaintiff's part. Dkt. 150-5. The Property was apparently sold in a foreclosure sale on November 20, 2025. Dkt. 158.

Plaintiff's Motions be denied and Defendant's Motion to Dismiss be granted. Dkt. 208.

Plaintiff filed his objection on July 14, 2026 (Dkt. 212), and Defendant filed a

Statement in Support of Report and Recommendation on July 28, 2026 (Dkt. 214).

Defendant did not address Plaintiff's many arguments and instead simply agreed

with Judge Neureiter's analysis and encouraged the Court to adopt it. *Id.* Having

reviewed the FAC, proposed Second Amended Complaint, Renewed Motion to

Dismiss, Motion for Declaratory Judgment, Recommendation, Objection, relevant

briefing on these matters, and the governing law, the Court agrees with Judge

Neureiter's thorough and well-reasoned determinations. The Court AFFIRMS and

ADOPTS the Recommendation.

## LEGAL STANDARDS

### 1.    Review of a Magistrate Judge's Recommendation

The filing of objections to a magistrate judge's recommendation "enables the

district judge to focus attention on those issues—factual and legal—that are at the

heart of the parties' dispute,' and gives the district court an opportunity 'to correct

any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057,

1059 (10th Cir. 1996) (cleaned up; citations omitted). Objections should be

"sufficiently specific to focus the district court's attention on the factual and legal

issues that are truly in dispute" to achieve judicial efficiency and satisfy the goals of

allowing objections. *Id.* at 1060. When filing objections, allowing a party "to change

their strategy and present a different theory to the district court would frustrate the

purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must do a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). A party's objections must be both timely and specific to preserve an issue for *de novo* review. *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And issues raised for the first time in objections are deemed waived. *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory

Committee Notes. This standard of review is something less than a "clearly erroneous

or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R.

Civ. P. 72(a) and (b).

**2.    Treatment of a Pro Se Plaintiff's Pleadings**

A pro se litigant's pleadings are construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux*

*& Janer,* 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the

same rules of procedure that govern other litigants, and the Court does not supply

additional factual allegations to round out a complaint or construct legal theories on

behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir.

2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority,

confusion about various legal theories, poor syntax and sentence construction, or

unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's

advocate. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

## ANALYSIS

In his Recommendation, following a detailed and thorough analysis, Judge

Neureiter determined that Plaintiff's claims in the FAC were barred by the doctrines

of issue and claim preclusion. He also concluded that contrary to Plaintiff's insistence,

the dismissal of the bankruptcy case did not revest clear title in the Property to

Plaintiff. And the magistrate judge recommended that Plaintiff's request to file a

Second Amended Complaint be denied based on, *inter alia*, the doctrine of res judicata. Dkt. 208.

## A.    Defendant's Renewed Motion to Dismiss

Although Plaintiff filed a 48-page objection, the Court finds that even under a liberal construction, Plaintiff has largely failed to preserve any issues for de novo review because his objections lack specificity or are generalized. For example, in Plaintiff's Objection One-B, he contends the magistrate judge cited case law that does not support the propositions for which they are cited. Dkt. 212, pp.16-20. But apart from his general assertions of legal error, Plaintiff offers little to no context to demonstrate how or where Judge Neureiter allegedly misapplied these cases in his Recommendation. Instead, Plaintiff merely discusses how he believes these cases support *his* arguments. This is insufficient to preserve an issue for de novo review. *One Parcel*, 73 F.3d at 1060. The Court will not speculate as to which portions of the magistrate judge's analysis Plaintiff challenges, nor will it construct those arguments for him. Moreover, these arguments ultimately equate to Plaintiff's disagreement with Judge Neureiter's analysis and his application of case law. The Court has reviewed each of these cases and the context in which they were cited; there is no legal error in Judge Neureiter's interpretation or application of these cases.

The same problem pervades Plaintiff's third through sixth objections. Dkt. 212, pp.22-25. In each, he makes opaque assertions of error without any context and with little analysis. Indeed, for most of these, Plaintiff simply cites statutes that

6

purportedly apply and support his position, but he fails to offer context or argument for how any of these laws support findings of error in the Recommendation. These are simply objections in the abstract and are far too general. *Kazarinoff v. Wilson*, 2024 WL 98385, at \*2 (simply disputing the correctness of a recommendation may result in waiver).

Plaintiff has not preserved *de novo* review because his third, fourth, fifth, and sixth objections are far too undeveloped and unspecific in relation to the Recommendation. The Court therefore reviews these matters only for clear error and concludes Judge Neureiter's Recommendation is detailed and thorough and contains no clear error on the face of the record. *Thomas*, 474 U.S. at 148-53. Thus, these objections are overruled.

The Court now addresses Plaintiff's contention that Judge Neureiter erred in giving preclusive effect to an unrelated bankruptcy matter (Objection One-A) in his second bankruptcy case. But Plaintiff is incorrect regarding what Judge Neureiter did with that order. While Judge Neureiter cited an order from Plaintiff's second bankruptcy petition (Dkt. 208, p.12), he did not give it preclusive effect. Rather, he cited the bankruptcy court order because it addressed an identical argument Plaintiff has continually made in this action.

In the second bankruptcy case, Plaintiff sought a "Writ of Assistance" and argued that Judge Romero's dismissal of the first bankruptcy case restored full unencumbered ownership in the Property to Plaintiff because Defendant had

abandoned any claim to it. Based on this reasoning, Plaintiff theorized that the foreclosure sale was void. Judge Romero explained, however, that when he issued his October 31 Order dismissing the first case, the property was revested to Plaintiff on that date *subject to any pre-existing security interests*, such as Dominion's pre-existing security interest. Although the case was not closed until February 2026, there was no property left in the bankruptcy estate to be abandoned at the time, and therefore, the November 2025 foreclosure sale was not void. Dkt. 188-7. That Judge Neureiter agreed with and was persuaded by this analysis does not equate to giving it preclusive effect. Plaintiff's objection in this regard is overruled.

As to the substantive question of whether res judicata precludes the claims in the FAC, Plaintiff does not offer any specific objections to Judge Neureiter's reasoning or analysis and instead repeats the same arguments he has made throughout many of his filings in this case. Dkt. 212, pp.15-16. But these arguments lack specificity and are little more than a disagreement with the correctness of the magistrate judge's conclusions and do not warrant de novo review.

Having studied the briefing and the record, including Judge Romero's orders, as well as the governing law, the Court discerns no clear error in Judge Neureiter's conclusion that dismissing the first bankruptcy action did not entitle Plaintiff to an unencumbered interest in the Property. Nor is there improper application of the law or clear error in the magistrate judge's determination that the matters decided in the first bankruptcy proceeding—confirming Dominion's security interest in the

8

Property—precluded the claims in Plaintiff's FAC. *See Mackall v. JPMorgan Chase Bank, N.A.,* 2014 COA 120, ¶ 29, 356 P.3d 946, 952 (An order allowing a proof of claim survives dismissal and "the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.").[2]

Consequently, the Court OVERRULES Plaintiff's objections and ADOPTS Judge Neureiter's Recommendation regarding the Renewed Motion to Dismiss.

**B.    Plaintiff's Motion to Amend**

Turning to Plaintiff's request to file a Second Amended Complaint, Mr. Bamba again asserts multiple claims against Dominion challenging the validity of the loan and Dominion's claims to the Property. Dkt. 199-1. Plaintiff also asserts new claims against seven Colorado Defendants over their alleged actions related to the foreclosure sale and Plaintiff's eviction from the Property. *Id.*

---

[2] In a "preliminary objection," Plaintiff objects to Judge Neureiter adopting Defendant's procedural history, which was included as a Table Exhibit (Dkt. 196-1) with its supplemental brief. Dkt. 212, pp.6-14. In his objection, Plaintiff purports to offer his own procedural history, which is in fact simply his characterization and arguments regarding the various orders issued and actions taken in this case. However, Plaintiff did not dispute this history or raise any issue with the magistrate judge. Dkt. 208, p.19 ("Plaintiff does not dispute the contents of the table."). "Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived." *Gilbert v. United States Olympic Comm.,* 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996)). Furthermore, the Court has compared the procedural history in the recommendation with those presented by both Defendant and Plaintiff and finds there is no error.

In recommending Plaintiff's motion be denied, Judge Neureiter reviewed the Second Amended Complaint and determined that Plaintiff's new claims against both Dominion and the proposed Colorado Defendants would be precluded by Judge Romero's Order allowing Dominion's bankruptcy claim. Dkt. 208, pp.18-22. The magistrate judge determined that amendment to add these claims would, therefore, be futile.[3] *Id.*

Plaintiff's objections to this portion of the Recommendation are scattered throughout his brief and it is at times unclear whether certain of his arguments are about the motion to dismiss or his motion to amend.[4] Arguments made in passing are insufficient for any review and the Court addresses only those which clearly address specific portions of the Recommendation.

---

[3] Judge Neureiter further concluded that to the extent Plaintiff would seek to bring any additional injunctive or declaratory relief regarding the foreclosure proceedings, the Court should abstain pursuant to the *Younger* or *Colorado River* doctrines. The Court does not address this portion of the Recommendation nor Plaintiff's objections thereto because it agrees all of Plaintiff's proposed claims in the Second Amended Complaint would be barred by res judicata. Thus, there could be no injunctive or declaratory relief to afford.

[4] For example, in Objection Six, which this Court has already found to be too cursory, Plaintiff argues in three sentences that Judge Neureiter "reached outside the scope" of the referral to preemptively dismiss his claims. Although framed as addressing dismissal, Plaintiff is likely referring to his proposed amendments. Nevertheless, Plaintiff is incorrect. This Court specifically tasked Judge Neureiter with determining whether Plaintiff should be permitted to add new claims. He did just that when he analyzed Plaintiff's proposed claims, found them to be futile, and recommended that amendment be denied. Plaintiff's cursory objection lacks merit.

10

In Objection Two, Plaintiff contends that Judge Neureiter erred when he did not account for the Denver Public Trustee's Disclaimer of Interest in the property records. Dkt. 212, p.21. He then argues that the "Disclaimer explicitly repudiated and extinguished the December 5, 2025 foreclosure deed upon which Dominion's entire chain of title depends." *Id*. It is not entirely clear to the Court what Plaintiff means with this argument, a problem that is only exacerbated by its brevity and lack of supporting law. The Court does not address such woefully underdeveloped arguments, and therefore, this objection is overruled. *See, e.g.*, *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) (declining to address argument that was underdeveloped and contained "mostly general legal statements and empty platitudes"); *Tillmon v. Douglas Cty.*, 817 F. App' x 586, 589-90 (10th Cir. 2020) (declining to address argument where party' s analysis was "cursory at best").

Concerning Judge Neureiter's analysis and conclusions regarding preclusion, Plaintiff argues only that the magistrate judge relied "entirely on a deceptive recharacterization of the proposed pleading." Dkt. 212, pp.26-27. He continues that "[i]n the R&R's background section, the Magistrate [Judge] frames this federal action as a routine mortgage foreclosure dispute." *Id*. p.27. He argues Judge Neureiter "erased the structural substance of [the] proposed complaint. . . [and] committed a manifest error of law and fact." *Id*.

Setting aside the fact that this argument is undeveloped and unsupported by legal authority, Plaintiff is again simply incorrect. In the background section of the

11

Recommendation, Judge Neureiter did not recharacterize this case. Rather, he offers a detailed and accurate description of the extensive, complex, and varied litigation history between Plaintiff and Defendant over the Property. The Court has undertaken its own review of the expansive record and finds no inaccuracies in Judge Neureiter's discussion of the procedural history. Thus, this objection is OVERRULED.

Because Plaintiff has not preserved *de novo* review as to the remainder of Judge Neureiter's res judicata analysis, the Court reviews it only for clear error, *Thomas*, 474 U.S. at 148-53. There is none. Nor is there any incorrect application of the law. To be sure, all of Plaintiff's proposed claims against Dominion and the Colorado Defendants are fundamentally premised on the notion that Defendant's security interest in the property was invalid and that the foreclosure sale was procedurally voided because the foreclosure process was not restarted after the bankruptcy case was dismissed.

But Judge Romero thoroughly addressed Plaintiff's many arguments regarding Dominion's interest in the property and concluded that Dominion's claim was valid. In addition, in another of Plaintiff's cases, Denver District Judge Sarah B. Wallace fully addressed Plaintiff's arguments regarding Dominion's purported failure to restart the foreclosure proceedings. Dkt. 196-9. She explained that contrary to Plaintiff's interpretation, under Colo. Rev. Stat. § 38-38-109(2), restarting the foreclosure process is not required so long as the foreclosing party completed all the

notice requirements prior to a bankruptcy action. *Id*. pp.4-5. Judge Wallace found that Dominion had completed the notice requirement prior to Plaintiff initiating his bankruptcy case, and therefore, Dominion was not required to restart the notice process when the bankruptcy case was dismissed. *Id*. p.5. Thus, Plaintiff's proposed claims on this basis are also barred by res judicata.

Consequently, the Court OVERRULES Plaintiff's objections and AFFIRMS and ADOPTS Judge Neureiter's Recommendation regarding Plaintiff's Motion to Amend and Motion for Declaratory Judgment.

*    *    *

For the reasons shared above, the Court OVERRULES Plaintiff's objections. The Court, therefore, AFFIRMS and ADOPTS Magistrate Judge Neureiter's Report and Recommendation.

IT IS ORDERED:

1.  Defendant's Renewed Motion to Dismiss (Dkt. 150) is GRANTED.

2.  Plaintiff's Motion for Declaratory Judgment (Dkt. 158) and Motion to Amend (Dkt. 199) are DENIED.

3.  All other Motions remaining on the docket are DENIED as MOOT.

4.  This case is dismissed with prejudice.

5.  The Clerk of Court shall enter judgment and close this case.

DATED: August 4, 2026.

13

BY THE COURT:

_____

S. Kato Crews
United States District Judge